### LIVINGSTON v HALL

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 6, 1934

David Shermer, Youngstown, for plaintiff in error.

M. A. Nadler, Youngstown, for defendant in error.

## OPINION

By FARR, J.

It is conceded that the Proctor Hall Company did not complete its terms under this lease. It will be observed from a part of the paragraph read that the lease provided that the lessee should be liable for the taxes for the last six months of the year 1925, "and during the entire term thereof," and there is a comma after the word "thereof". The Proctor Hall Company occupied the premises and it paid the last half of the taxes for the year 1925, and the question arises with reference to the last half of the taxes accruing for the year 1932, and the question is simply this, was the Proctor Hall Company bound for the payment of these taxes; that is, the taxes for the last half of the year 1932, under the above terms of the lease?

It is said in argument that the receiver, on the 7th day of February, 1933, elected to cancel his lease, or rather that the receiver considered it null and void. The court knows of no authority for an election of that kind. Therefore, was the receiver bound to pay the taxes for the last half of the year 1932? That was the year in which the Proctor Hall Company abandoned the use of the premises, because of the appointment of a receiver.

It is contended and argued that the receiver would not be responsible for these taxes. A case of interest in this connec-

tion is **Hoglen v Cohan et, 30 Oh St, 436.** The last paragraph of the syllabi reads as follows:

"For the purpose of being so discharged, the taxes charged against the land become due and payable, within the meaning of the last clause of §77, on, the 1st day of October annually, that being the date on which the duplicate of taxes is required by law to be placed in the possession of the county treasurer; and this clause of §77 is not affected by the provisions of §53 (S. & S., 762, 763), that 'the lien of the state for taxes shall attach on the day preceding the second Monday of April annually'."

So it would seem that waiving aside the matter of the contractural relation between the parties, that these taxes would have become a lien on the first day of October. However, this is not the precise question here. These parties contracted, as they had a right to do, with reference to the payment of the taxes, and the Proctor-Hall Company agreed to pay the last half of the taxes accruing or becoming due on this property for the last half of the year of their tenure, and resting it upon the provision of the lease, the finding must be that Anna Livingston is entitled to an allowance of her claim for taxes, and about the repairs to the elevator there is not any particular question, so that it follows that the judgment in this case must be reversed and the cause remanded.

It should be observed that so far as the state is concerned there would be a lien for taxes, consequently a preference; that is obvious, and it is equally obvious that the relation between Anna Livingston and the Proctor-Hall Company is fixed by contract. Any liability resulting would arise out of the contract, and it is readily apparent that Anna Livingston could only become a general creditor because her right to recover the taxes is by reason of her contract.

Judgment reversed.

LYNCH and ROBERTS, JJ, concur in the judgment.